**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 03-cv-00923-REB-CBS

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

CAPITAL HOLDINGS, L.L.C., et al.,

     Defendants,

and

FAST TRACK L.L.C., et al.,

     Defendants Solely for the Purpose of Equitable Relief.

---

**ORDER DENYING JOHN SCHLABACH'S
MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

     The matter before me is **John Schlabach's Motion for Summary Judgment**
[#232], filed May 11, 2006.  I deny the motion.

     As an initial matter, I note that Schlabach's motion fails to comply with REB Civil
Practice Standard V.H.3.b., which sets forth the formatting requirements for summary
judgment motions filed in this court.  The motion would be subject to being stricken on
that basis alone.

     More importantly, the violation here is so profound that I cannot meaningfully
review the request for relief.  Schlabach has failed to even identify any of the claims or
defenses as to which he seeks summary judgment, much less set forth the elements of

any such claim or defense or the party who bears the burden of proof.  Indeed,

Schlabach fails to cite to even a single legal precedent – other than those outlining the

familiar standard for summary judgment – in support of his motion.  ***See***

**D.C.COLO.LCivR.** 7.1C.  Nor has Schlabach specifically delineated how the evidence

he attaches to his motion warrants the entry of summary judgment in his favor.[1]  It is

Schlabach's duty as the movant to specifically set forth the facts and law that arguably

entitle him to relief.  I am neither required nor inclined to peruse the record in this case

in search of evidence that might support his motion.  ***See U.S. v. Dunkel***, 927 F.2d

955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

***See also Ogden v. San Juan County***, 32 F.3d 452, 455 (10th Cir. 1994) (litigant's *pro*

*se* status does not excuse failure to follow fundamental rules of procedure), ***cert.***

***denied***, 115 S.Ct. 750 (1995).

I acknowledge that, because Schlabach is proceeding *pro se*, I must construe his

motion more liberally and hold it to a less stringent standard than formal pleadings or

papers drafted by lawyers.  ***See Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991)

(citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).  Nevertheless, *pro se* litigants

still bear responsibility for developing the factual bases of their requests for relief, ***see***

***Whitney v. State of New Mexico***, 113 F.3d 1170, 1173-74 (10th Cir. 1997); ***Hall***, 935

F.2d at 1110, and it is neither necessary nor appropriate for the court to act as an

advocate for a *pro se* party by making his case for him, ***Hall***, 935 F.2d at 1110.

---

[1]  Plaintiff's failure to respond to the motion, although perplexing, is not dispositive.  A party is not entitled to a "default" summary judgment.  ***See Murray v. City of Tahlequah, Oklahoma***, 312 F.3d 1196, 1200 (10th Cir. 2002).

Accordingly, Schlabach's motion for summary judgment must be denied.

**THEREFORE, IT IS ORDERED**, that **John Schlabach's Motion for Summary Judgment** [#232], filed May 11, 2006, is **DENIED**.

Dated June 9, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**