# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 03-CV-00923 REB-CBS

**SECURITIES AND EXCHANGE COMMISSION,**
    Plaintiff,

v.

**CAPITAL HOLDINGS. L.L.C.;**
et al.

    Defendants,

**FAST TRACK L.L.C.;**
et al.

    Defendants Solely for Purposes of Equitable Relief.

**Agreed Judgment of Permanent Injunction as to Defendant Jeffrey D. Mitchell**

The Securities and Exchange Commission having filed a *Complaint* and Defendant Jeffrey D. Mitchell ("Defendant") having entered a general appearance; consented to the Court=s jurisdiction over Defendant and the subject matter of this action; consented to entry of this *Agreed Judgment* without admitting or denying the allegations of the *Complaint* (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this *Agreed Judgment*:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Judgment* by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. ' 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. ' 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Judgment* by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Judgment* by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and his agents, servants, employees, attorneys-in-fact and all other persons in active concert or participation with him who receive actual notice of this *Agreed Judgment* by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly,

engaging in the business of effecting transactions in securities for his own account or the account of others, and while making use of the mails or any means or instrumentality of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of securities in the form of investment contracts, or any other security (other than an exempted security or commercial paper, banker's acceptances or commercial bills), unless and until Defendant is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)], or is otherwise exempt from registration pursuant to Section 15(a) of the Exchange Act [ 15 U.S.C. § 78o(a)].

V.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from September 1, 2001, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the *Complaint*; (b) Defendant may not challenge the validity of the *Consent* or this *Agreed Judgment;* (c) solely for the purposes of such motion, the allegations of the *Complaint* shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with

the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the *Consent* is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this *Agreed Judgment*.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this *Agreed Judgment* forthwith and without further notice.

Dated:  October 23, 2007

s/ Robert E. Blackburn
ROBERT E. BLACKBURN
UNITED STATES DISTRICT JUDGE

Approved as to form and entry requested:

*s/ Marshall Gandy*
MARSHALL GANDY
Texas Bar No. 07616500

Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102-6882
(817) 978-6464
(817) 978-4927 (fax)
gandym@sec.gov

*s/ Jeffrey D. Mitchell*
JEFFREY D. MITCHELL
Defendant, *pro se*
7115 North Division Street
Suite B-360
Spokane, WA 99208
509-468-2615