**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 1:03-cv-0923-REB-CBS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,
v.

CAPITAL HOLDINGS, L.L.C., et al.,

Defendants,

FAST TRACK, L.L.C., et al.,

Defendants Solely for Purposes of Equitable Relief.

_____

**AMENDED ORDER FOR JUDGMENT BY DEFAULT AS TO CHARLES F. LEWIS**[1]

_____

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Judgment by Default Against Defendant Charles F. Lewis** [#322], filed November 12, 2008.  Having considered the pleadings and declarations on file herein, I find and conclude that the motion should be granted, and default judgment and permanent injunctive relief entered against defendant.

Plaintiff filed its **Complaint** [#1], on May 21, 2003.  Defendant was personally served on or before July 10, 2003.  Defendant has failed to answer or otherwise defend in this action.  An entry of default was made by the Clerk of the Court on September 10, 2008 [#317].

Having defaulted, defendant necessarily has admitted the truth of the averments

_____

[1]  This amended order is entered to correct a typographical error in the original Order

of fact pled in the complaint other than those relating to damages.  *See* **FED.R.CIV.P**.

8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415

(10th Cir. 1996); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal*

*Practice and Procedure* § 2688 at 58-59 (3rd ed. 1998).  These establish that

defendant violated the anti-fraud provisions of the federal securities laws, specifically 15

U.S.C. §§ 77e(a), 77e(c), 77q(a), 78o(a), & 78j(b) and 17 C.F.R. § 240.10b-5.

Plaintiff requests relief only in the form of entry of a permanent injunction against

defendant.  The mere entry of default pursuant to Fed.R.Civ.P. 55(a) does not answer

the question whether any particular remedy is available and appropriate.  *See e360*

*Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007).  *See also* 15

U.S.C. § 78u(d)(1) (providing that permanent injunction may be entered "upon a proper

showing").  "An injunction based on the violation of securities laws is appropriate if the

SEC demonstrates a reasonable and substantial likelihood that the defendant, if not

enjoined, will violate securities laws in the future."  *S.E.C. v. Pros International, Inc.*,

994 F.2d 767, 769 (10th Cir. 1993).  Determining the likelihood of future violations

"requires analysis of several factors, such as the seriousness of the violation, the

degree of scienter, whether defendant's occupation will present opportunities for future

violations and whether defendant has recognized his wrongful conduct and gives

sincere assurances against future violations."  *Id.*

Considering each of these factors, I find that permanent injunctive relief is

warranted as against defendant.  There is no question but that the violations as to which

defendant has admitted liability are extremely serious, involving a scheme to defraud at

least 600 investors of approximately $40 million.  Nor is there any doubt that defendant

acted with an extreme degree of scienter.  Defendant has already been found guilty in a

parallel criminal trial of ten separate counts of securities fraud and is currently serving a

360-month prison term for those crimes.  He has not acknowledged his wrongful

conduct, either in that case or this one.  Finally, although defendant is currently in

prison, that fact alone does not prevent him from committing future violations of the

securities laws.  He has given no assurances against future violations.  Given the

strength of the other factors that must be considered, especially defendant's scienter,

*see Pros International, Inc.*, 994 F.2d at 769, the fact of his present incarceration does

not weigh significantly in the balance.  The other considerations clearly weigh heavily in

favor of permanent injunctive relief.

      **THEREFORE IT IS ORDERED** as follows:

      1.  That plaintiff's **Motion for Judgment by Default Against Defendant Charles**

**F. Lewis** [#322], filed November 12, 2008, is **GRANTED**;

      2.  That a default judgment **SHALL ENTER** in favor of plaintiff, the Securities and

Exchange Commission, and against defendant, Charles F. Lewis, as to all claims for

relief and causes of action;

      3.  That defendant, Charles F. Lewis, and his agents, employees, servants,

attorneys, and all persons in active concert or participation with him who receive actual

notice of this Order, by personal service or otherwise, are **PERMANENTLY ENJOINED**

from

      A. Violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by,

directly or indirectly, in the offer or sale of any security by the use of any

means or instrument of transportation or communication in interstate

commerce or by the use of the mails, directly or indirectly;

> (i) Employing any device, scheme or artifice to defraud; or

> (ii) Obtaining money or property by means of any untrue

> statement of material fact or any omission to state a material

> fact necessary in order to make the statement(s) made, in

> the light of the circumstances under which they were made,

> not misleading; or

> (iii) Engaging in any transaction, practice, or course of

> business, which operates or would operate as a fraud or

> deceit upon the purchaser;

B. Violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] by,

directly or indirectly, by the use of any means or instrumentality of

interstate commerce, of the mails or of any facility of any national

securities exchange, using or employing in connection with the purchase

or sale of any security registered on a national securities exchange or any

security not so registered, any manipulative or deceptive device or

contrivance in contravention of a rule or regulation prescribed by the

Securities and Exchange Commission;

C. Violating Rule 10b-5 of the Securities and Exchange Commission [17

C.F.R. § 240.10b-5] by the direct or indirect use of any means or

instrumentality of interstate commerce, of the mails or any facility of any

national securities exchange;

      (i) To employ any device, scheme or artifice to defraud; or

      (ii) To make any untrue statement of a material fact or

      omitting to state a material fact necessary in order to make

      the statement(s) made, in the light of the circumstances

      under which they were made, not misleading, or

      (iii) To engage in any act, practice or course of business,

      which operates or would operate as a fraud or deceit upon

      any person;

D.  Violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§

77e(a) and (c)], by directly or indirectly,

      (1) making use of any means or instruments of

      transportation or communication in interstate

      commerce or of the mails to sell a security

      through the use or medium of any prospectus

      or otherwise; or

      (2) carrying or causing to be carried through

      the mails or in interstate commerce, by any

      means or instruments of transportation, a

      security for the purpose of sale or for delivery

      after a sale, unless a registration statement is

      in effect as to that security; or making use of

      any means or instruments of transportation or

communication in interstate commerce or of

the mails to offer to sell or offer to buy through

the use or medium of any prospectus or

otherwise any security unless a registration

statement has been filed with the Securities

and Exchange Commission as to that security

or while the registration statement is the

subject of a refusal order or a stop order or

(prior to the effective date of the registration

statement) any public proceeding or

examination under Section 8 of the Securities

Act [15 U.S.C. § 77h];

E. Violating Section 15(a) of the Exchange Act [15 U.S. C. § 78o(a)] by, as

a broker or dealer, making use of the mails or any means or

instrumentality of interstate commerce to effect any transactions in, or to

induce or attempt to induce the purchase or sale of, any security (other

than an exempted security or commercial paper, bankers' acceptances, or

commercial bills) unless registered in accordance with Section 15(b) of the

Exchange Act [15 U.S.C. § 78o(a)]; and

4.  That this Order and the judgment entered by the Clerk of the Court in

accordance therewith may be served on defendant in person or by mail either by the

United States Marshal, the Clerk of the Court, or any member of the staff of the

Securities and Exchange Commission.

Dated January 6, 2009, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge