**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-cv-00923-REB-CBS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CAPITAL HOLDINGS, LLC, et al,

    Defendants.

and

FAST TRACK, LLC., et al.,

    Defendants Solely for the Purpose of Equitable Relief.

## AGREED FINAL JUDGMENT AS TO DEFENDANT MICHAEL D. SMITH

**Blackburn, J.**

The matter before me is the **Unopposed Motion To Enter Agreed Final Judgment Against Michael D. Smith** [#342], filed March 19, 2009. Having reviewed the motion and the file, I conclude that the motion should be granted and that final judgment should enter against defendant Michael D. Smith.

The Securities and Exchange Commission having filed a *Complaint*, on May 21, 2003, and defendant Michael D. Smith ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this *Agreed Judgment* without admitting or denying the allegations of the *Complaint* (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this *Agreed Judgment*:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Judgment* by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Judgment* by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in

interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Judgment* by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the user or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in in terstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

3

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Judgment* by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, engaging in the business of effecting transactions in securities for his own account or the account of others, and while making use of the mails or any means or instrumentality of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of securities in the form of investment contracts, or any other security (other than an exempted security or commercial paper, banker's acceptances or commercial bills), unless and until Defendant is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)], or is otherwise exempt from registration pursuant to Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the *Consent* is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this *Agreed Judgment*.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this *Agreed Judgment* forthwith and without further notice.

Dated March 20, 2009, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge